Laura Miles, Appellant, v. Otto Schrunk, Appellee.

**Special interrogatories.** The court has authority to submit special interrogatories on its own motion, and is not required to first submit them to counsel.

**Dogs:** PERSONAL INJURY: NEGLIGENCE. The plaintiff in an action for injuries caused by a dog barking at and frightening her team is not required to negative her own negligence, but in the instant case the submission of the issue was without prejudice in view of the special findings of the jury.

**Same:** COMMON LAW LIABILITY: SUBMISSION OF ISSUES. Where a plaintiff avers a common law liability for injuries caused by the fright of her team by defendant's dog, she cannot complain of a submission of the issue; and even though the instructions with respect to such liability were erroneous no prejudice could arise, where the answers to special interrogatories show that defendant was not liable on that theory of the case.

**Same:** STATUTORY LIABILITY: INSTRUCTIONS. Under the present statute the owner of a dog which was worrying, maiming or killing a domestic animal, or attacking or attempting to bite any person, except where the party was doing an unlawful act, is liable for all damages, where the act done would justify killing the dog; and an instruction properly submitting an issue upon this construction of the statute is not open to the criticism that some men have such a tender regard for a valuable dog that they would not feel justified, even when attacked, in killing the animal, and therefore the owner would not necessarily be liable in every case.

*Appeal from Woodbury District Court.*— HON. F. R. GAY-NOR, Judge.

TUESDAY, OCTOBER 20, 1908.

ACTION at law to recover damages for injuries done by defendant's dog. Trial to a jury. Verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*C. R. Metcalfe,* for appellant.

*Henderson & Fribourg,* for appellee.

DEEMER, J.— Plaintiff claims that while driving along a public highway near defendant's residence, his (defendant's) dog came out and attacked the team she was driving,

growling and biting the horses' heels, and chasing them for several rods, causing them to become unmanageable and to run away, throwing plaintiff out of her buggy and into one of the wheels thereof, resulting in the fracture of one of her limbs and producing other injuries, of which she complains. The petition alleges facts which would constitute a cause of action at common law, and also under the statute. Defendant denied the allegations of the petition, and pleaded certain other matters, which need not be set out at this time.

In addition to a general verdict for defendant the jury returned answers to four special interrogatories, which were submitted by the court on its own motion. These interrogatories, with the answers thereto, are as follows: "Int. 1. Do you find that the defendant's dog bit or snapped at the heel, or heels, of the horse, or horses, plaintiff was driving, and that this caused the team to run away? Ans. No. Int. 2. Do you find that defendant's dog, at the time and place alleged, attacked or attempted to bite the plaintiff, and that this caused the team to run away? Ans. No. Int. 3. Do you find that defendant's dog was in the habit of running out upon the public highway biting, barking, or growling at travelers thereon, and rearing upon the vehicles? Ans. No. Int. 4. Do you find that the defendant's dog on the day in question came out upon the public highway and chased the team plaintiff was driving, barking and growling at the same? Ans. No." The answers to these interrogatories are decisive of the case, for they very clearly negative any liability on the part of the defendant, and called for a verdict in his favor; and, unless it appears that there was no substantial evidence to support them, and that they should not have been submitted, or that for some other reason they should not be regarded as controlling, they end the case, and the appeal is without merit. The contention that the court was without authority to submit special interrogatories on its own motion is unsound. Code, section 3727. And it was not required to

1. SPECIAL INTER-
ROGATORIES.

submit these interrogatories to counsel before they were presented to the jury. *Briggs v. McEwen,* 77 Iowa, 303. There is ample testimony to support the findings made in response to these interrogatories. It is not our custom to cull from the record and set out the testimony on which we base our conclusions of fact, and there is no reason for any departure from the rule in this case.

II. Counsel say that the trial court was in error in submitting the question of plaintiff's contributory negligence. It is doubtless true that plaintiff in such cases need not nega-

*2. Docs: personal injury: negligence.* tive his own negligence, and that contributory negligence is no defense to the action. *Van Bergen v. Eulberg,* 111 Iowa, 139; *Beckler v. Merringer,* 131 Iowa, 614. But the error, in view of the answers to the special interrogatories, was without prejudice to plaintiff.

III. Defendant's liability as at common law was submitted to the jury, and of this plaintiff complains. As she made averments in her petition creating such liability, and

*8. Same: common law liability: submission of issues.* introduced testimony in support thereof, she is in no position to complain. And even were the instructions erroneous with respect to such liability, the answers to the special interrogatories show that defendant is not liable on this theory of the case.

IV. In one of its instructions the trial court directed the jury as follows:

The statute provides as follows: ' It shall be lawful for any person to kill any dog caught in the act of worrying, maiming or killing any sheep or lamb, or other domestic animal, or any dog attacking or attempting to bite any person, and the owner shall be liable to the party injured for all damages done, except where the party is doing an unlawful act.' This statute creates liability, where it is shown that a party is injured, for all damages done by a dog caught in the act of worrying, maiming, or killing any sheep, lamb, or other domestic animal, or where the damages result to the party injured by reason of being attacked or bitten by a dog, and the owner is liable to the person injured for all damages done

of which the act of the dog in so doing is the proximate cause, but you will notice that this absolute liability only attaches where the dog is shown to have been guilty of these acts, which, under the statute hereinbefore set out, justifies the killing of the dog.  So it is material for you to determine what this dog did, if anything, with respect to the plaintiff and the team she was driving.   If he was worrying the team, biting their heels, or snapping at them, or was attacking the plaintiff, or attempting to bite plaintiff, and you are satisfied, by the preponderance of the evidence, that the dog was doing these acts which justified the taking of his life, and that the doing of these acts caused plaintiff's team to run away, without any fault or negligence on her part, and are the proximate cause of plaintiff's injury of which she complains, then your verdict should be for plaintiff, but if the plaintiff failed to satisfy you by a preponderance of the evidence that the dog was doing any of these acts, which, under the statute hereinbefore set out, justifies the killing of the dog, or has failed to show that the doing of these things by the dog, if they were done, was the proximate cause of the injury of which she complains, then she cannot recover in this action under the statute, for to justify a recovery under the statute, which makes the owner liable to the party injured for all damages done, it must be made to appear that the injury was caused by the dog while in the act of doing some of those things which, under the statute, makes it lawful for any person to kill the dog.

The complaint made of the instruction is so peculiar that we here copy from counsel's brief all that he says upon the subject:

While as a general rule this may be correct, and that usually a person would be justified in killing a dog, yet not necessarily so.   The dog might be a young, untrained pup, and playfully ran in the road and chased the team.   If a very valuable pup it would hardly be in good conscience to say the person would be justified always on such occasions in killing him, yet the owner might be liable for the injury he caused.   Under this instruction an extra burden was placed upon the jury.   They were required to first ascertain whether plaintiff would have been justified in killing

the dog. Some men are very tender towards a dog, and do not feel that a person would be justified in killing a dog because he chases their team in the road, and if they should have felt that way, they would have been required to have found for defendant, otherwise, if they had not found the killing justifiable.

There is absolutely no merit in this argument. Counsel admits the general rule, but claims some exceptions because some men are so tender toward dogs, or are so constituted,

4. SAME: statutory liability: instructions. that they would not kill a valuable pup, although authorized to do so under the statute. This argument does not have the merit of plausibility. In view of counsel's contention we need not consider the broader proposition as to the correctness of the court's interpretation of the statute, although this is the only doubtful proposition in the case. Under the statute as it existed prior to its amendment by Acts 30th General Assembly, chapter 81, it might well be argued that defendant would be liable for all damages done by his dog, except where the party injured was doing an unlawful act. But the amendment was passed for the manifest purpose of making a change in the law, and the only change which could have been intended was to make the owner of a dog liable for damages done when the dog was worrying, maiming, or killing a domestic animal, or attacking or attempting to bite any person. This seems to be the only construction permissible of section 2340 as it now appears in the Code Supplement of 1907. The trial court so construed the section, and appellant's counsel make no other complaint of it than is indicated by the excerpt from his argument before quoted. There might be a case where an owner of a dog would be liable under this statute, although his dog was not then engaged in the acts referred to in the statute, but this is not one of them. Plaintiff's testimony was in support of the allegations of her petition, and no complaint was made by her of any other conduct of the dog. The answers to the special interrogatories show that what-

ever errors there may have been were without prejudice, in that they in no manner affected these answers.

The judgment must be, and it is, *affirmed.*