**Elton L. BYERS and Bonnie L. Byers, and Elton L. Byers as Father and Next Friend of Michelle Byers, a Minor, Plaintiffs–Appellants,**

v.

**Dale EVANS and Evans & Evans, Inc., Defendants–Appellees.**

No. 87–1793.

Court of Appeals of Iowa.

Dec. 22, 1988.

Lyle A. Rodenburg of Lyle A. Rodenburg, P.C., Council Bluffs, for plaintiffs-appellants.

Frank W. Pechacek, Jr. of Smith, Peterson, Beckman & Willson, Council Bluffs, for defendants-appellees.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiffs, Elton, Bonnie, and Michelle Byers, appeal the decision of the district court dismissing their petition for failing to

state a cause of action upon which relief can be granted. We affirm.

The Byers brought this tort action against the defendants, Evans & Evans, Inc. and Dale Evans, an officer of the corporation. The Byers alleged that the defendant corporate lessor owned certain real property abutting a public roadway; that the defendant Dale Evans leased the home on this property to a third party and after the third party took possession of the home Dale Evans granted the third party permission to use the barn located on the corporate property to raise swine; and that the third party was given permission to construct and maintain pens and/or fences near the barn to confine the swine. The Byers, by amendment to the petition, further alleged that the corporate defendant exercised joint control with the third-party lessee over the property upon which the barn was located.

The plaintiffs were injured as a result of an automobile collision with the swine on the adjacent roadway that had escaped from the pens. The Byers alleged that the collision was proximately caused by the defendants' failure to take necessary steps to insure the adequacy of the pens and/or fence which housed and confined the animals.

We review on errors assigned. Iowa R.App.P. 4. "A motion to dismiss admits, and is decided solely upon, all facts well pleaded." *Dunn v. Rose Way, Inc.*, 333 N.W.2d 830, 831 (Iowa 1983). A motion to dismiss is a waiver of any ambiguity or uncertainty in the pleadings. *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). It is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any set of facts which could be proved in support of the claim asserted. *Id.* The pleading is construed in the light most favorable to the pleader with doubts resolved in his favor and the challenged allegations accepted as true. *Id.*

It is without factual dispute that the home, barn, pens, and fences were leased by the defendant owner to a third party and except for the allegation that the cor-

porate defendant exercised joint control over the land that accommodated the fences and pens, the defendant's only involvement in these procedures is that of a landlord. The record is equally clear that the defendant did not own nor did they have any interest or control over the swine that caused this action.

■ As a general rule, the owner of property is not liable for injuries caused by the property's unsafe condition arising after the owner leases the property to another without any agreement to repair. *Stupka v. Scheidel*, 244 Iowa 442, 56 N.W.2d 874, 877 (1953). The rationale advanced in support of this general rule is stated in Prosser, Law of Torts (4th Edition) Section 63:

> When land is leased to a tenant, the law of property regards the lease as equivalent to a sale of the premises for [a] term.... In the absence of agreement to the contrary, the lessor surrenders both possession and control of the land to the lessee, retaining only a reversionary interest.... Consequently, it is the general rule that he is under no obligation to anyone to look after the premises or keep them in repair, and is not responsible, either to persons injured on the land or those outside of it for conditions which develop or are created by the tenant after possession has been transferred. Neither is he responsible, in general, for the activities which the tenant carries on upon the land after such transfer....

*Id.* § 63 at 399–400.

There are certain exceptions to this rule. In this respect, the plaintiffs cite us to several cases which allegedly negate the general rule. But none of the cases touch on the question before us, i.e. whether a landlord can be held liable for the acts of his tenant's farm animals that stray on the public highway and cause damage where the landlord has no interest in the animals but allegedly has some type of joint control over the land that accommodates the fences and pens.

The plaintiffs in their brief advance the following argument. "Liability in the instant case is premised upon Evans' (defen-

dant) breach of its duty to exercise reasonable and ordinary care in the operation and management of land upon which its lessee constructed a fence and over which Evans retained control." If plaintiffs are correct, then the motion to dismiss should have been overruled.

But, under the circumstances here, we conclude that no such duty existed. First, it is again without dispute that the fences and pens were constructed by the tenant and in accordance with plaintiffs' pleadings the tenant not only had the right to construct and erect the pens and fences, but the tenant had the obligation to "maintain" the same "in order to confine and restrain the swine." The landlord, under the undisputed facts, did not have joint control over the pens, the fences, or the barn, nor do the plaintiffs allege that he does. The plaintiffs merely allege that the defendants retained control over the land. But it is not the land that caused the problem here, nor is it the landlord's joint control over the land.

The cases the plaintiffs cite which they assert establish the duty they refer to are distinguishable from the circumstances here for they involve substantially different factual settings: *Knapp v. Simmons,* 345 N.W.2d 118 (Iowa 1984) (concerns duty of landlord to tenant to disclose known hidden or latent defects on rented premises); *Schropp v. Solzman,* 314 N.W.2d 413 (Iowa 1982) (concerns an artificial condition of the property which becomes unreasonably dangerous); *Weber v. Madison,* 251 N.W.2d 523 (Iowa 1977) (concerns liability of owner of property; not owner/lessor); *Jacobs v. Stover,* 243 N.W.2d 642 (Iowa 1976) (concerns whether owner of adjacent property, upon which a farm animal had strayed, had a duty to a third party to fence); *Stupka v. Scheidel,* 244 Iowa 442, 56 N.W.2d 874 (1953) (concerns duty of a landlord and tenant to third party licensee who enters the property); *Uccello v. Laudenslayer,* 44 Cal.App.3d 504, 118 Cal.Rptr. 741 (1975) (concerns landlord's duty to tenant's invitees to prevent injury which occurred on the premises from an attack by a vicious dog kept by the tenant); *Brown v.*

*Nebr. Public Power District,* 209 Neb. 61, 306 N.W.2d 167 (1981) (concerns employer's liability for negligence of employees); *Alamo National Bank v. Kraus,* 616 S.W.2d 908 (Tex.1981) (concerns inherently dangerous activity).

Using the *Prosser* citation as our guideline, when the defendants leased the property this was equivalent to a sale of the premises for a term. When the lease terms were finalized, the defendants surrendered possession and control of the barn, pens, and fences to the tenant with the attending requirement that the tenant maintain the same. As such, the defendants are not responsible "either to the persons injured on the land or those outside of it for conditions which developed or are created by the tenant after possession has been transferred." *Prosser, Id.,* see 63 at 395–400.

The condition created by the tenant which absolved the defendants from responsibility was the erection of the fences and the failure to keep them in repair. The joint ownership of the land has no bearing on the problem before us.

Plaintiffs also assert that section 379A, Restatement (2d) Torts, is applicable to the facts as alleged in its petition. Section 379A of the Restatement provides:

A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if,

(a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and

(b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken.

The facts as the Byers have alleged, taken as true, fall outside the purview of section 379A. The cases cited in Byers' brief for the application of this section come from foreign jurisdictions. When we review those cases, we find none that falls within the factual setting of this case.

Generally, a landlord is precluded from liability for injuries to his tenant or his tenant's invitees from a dangerous condition on the premises which comes into existence after the tenant has taken possession. The rationale for this rule has been that property law regards a lease as equivalent to a sale of the land for the term of the lease. *Uccello v. Laudenslayer*, 44 Cal.App.3d 504, 118 Cal.Rptr. 741 (1975). *Prosser, Law of Torts*, at 399–400.

There are exceptions to this rule such as joint control as urged by the plaintiffs. But here the joint control was not over the swine or the fences or the pens. The landlord had no degree of control over that which caused the problem. We are not prepared, under the facts of this case, to create that duty which is necessary before liability can attach.

■ Nor are we prepared, again under the factual setting of this case, to adopt section 379A to the extent that the building of fences, pens, and the raising of swine on leased property after the premises have been leased and which were not in existence at the time of the lease creates liability on the part of the landlord to third parties that are injured by swine that the landlord has no control over.

For the purposes of our ruling, we are obliged to accept facts as pleaded in the petition and to construe the allegations in the light most favorable to the plaintiffs. *Stafford v. Valley Community School Dist.*, 298 N.W.2d 307 (Iowa 1980). We affirm the trial court in its finding that the plaintiffs have failed to state a claim on which any relief may be granted under any state of facts provable under the allegations of the petition.

AFFIRMED.