Jordan C. ALLISON, A Minor, By Her Parent and Next Friend, Shelley A. FOX; and Shelley A. Fox, Individually, Appellants,

v.

Robert L. PAGE and Clyda R. Page, Appellees.

No. 94–1929.

Supreme Court of Iowa.

March 20, 1996.

Michael G. Reilly of Perkins, Sacks, Hannan, Reilly and Petersen, Council Bluffs, for appellants.

William R. Hughes, Jr., of Stuart, Tinley, Peter, Thorn & Hughes, Council Bluffs, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The dispositive issue in this case is whether premises liability can be imposed on landlords for injuries inflicted by a tenant's dog. We decline to hold landlords responsible under these circumstances. Therefore, we reverse the district court's refusal to grant the landlords' motion for judgment notwithstanding the verdict.

### I. Background Facts and Proceedings.

Appellees, Robert L. Page and Clyda R. Page (landlords), owned a residential rental property. Their daughter and tenant, Julie Page, owned a dog that was allowed to run free in the fenced-in yard. In 1989, the dog injured a young girl visiting the tenant. The landlords learned of this incident shortly after it occurred.

Two years later the same dog bit appellant, Jordan Allison, when she entered the tenant's yard to retrieve a coat her sister had left there earlier. Jordan's mother, appellant, Shelley Fox, sued the landlords alleging a claim on behalf of Allison for her injuries, and a rule 8 claim for Fox's loss of consortium. *See* Iowa R.Civ.P. 8. Both claims were based upon a theory of premises liability, alleging the landlords knew or should have known the tenant's dog presented an unreasonable risk of danger to others.

The case was tried to a jury. The landlords moved for dismissal at the close of the plaintiffs' case and subsequently moved for a directed verdict; both motions were denied. The jury returned a verdict finding the landlords 25% at fault and Fox 75% at fault. It awarded damages of $60,000 to Allison and $16,580.68 to Fox.

Both parties filed posttrial motions. The court ruled that it had committed error by failing to explain to the jury the effect of the allocation of fault upon the plaintiffs' recovery. The court then ordered a new trial of the entire case and stated the landlord's posttrial motions for new trial and for judgment notwithstanding the verdict were moot.

Allison appeals, claiming the court erred in failing to enter judgment on the jury verdict in her favor. She asserts any error by the court with respect to its instruction of the jury did not affect her claim because the apportionment of fault did not reduce her recovery, only that of her mother. The landlords cross-appeal, alleging the court should have granted their motion for judgment notwithstanding the verdict because the plaintiffs failed to state a cause of action under Iowa law. Because we find merit in the landlords' cross-appeal, we need address only the issue of whether the plaintiffs stated a claim.

### II. Scope of Review.

■ The issue presented is whether a legal duty exists. We review the district court's determination of this issue for correction of errors of law. Iowa R.App.P. 4.

### III. Landlords' Duty to Third Party for Injury Caused by Tenant's Dog.

This case was tried under a theory of premises liability. We must decide whether a landlord is liable for an injury inflicted by a tenant's dog when the landlord knew or had reason to know that the dog was dangerous.

As a general rule, a landlord is not liable for injuries caused by the unsafe condition of the property arising after it is leased, provided there is no agreement to repair. *Stupka v. Scheidel*, 244 Iowa 442, 447, 56 N.W.2d 874, 877 (1953); Restatement (Second) of Torts § 377 (1965); W. Page Keeton et al., Prosser and Keeton on The Law of Torts § 63, at 434 (5th ed. 1984). However, this generality is subject to several exceptions. For example, if the landlord retains control of the property, the landlord may be held liable. *Stupka*, 244 Iowa at 447, 56 N.W.2d at 877. The landlord also has liability for unsafe conditions and defects in the common areas available to the public. *Primus v. Bellevue*, 241 Iowa 1055, 1059, 44 N.W.2d 347, 350 (1950). Finally, implicit in the general rule is the conclusion that the landlord remains liable for any conditions existing before or at the time the property is leased. *Long v. Jensen*, 522 N.W.2d 621, 623 (Iowa 1994); *Barrett v. Stoneburg*, 238 Iowa 1068, 1074, 29 N.W.2d 420, 423 (1947). The general rule and exceptions reveal a common principle: liability is premised upon control.

We have never considered the applicability of these legal principles to a landlord whose tenant's dog has injured a third party. However, our court of appeals has addressed a similar issue concerning landlord liability for escaped farm animals owned by a tenant. *See Byers v. Evans*, 436 N.W.2d 654 (Iowa App.1988). In *Byers*, swine owned by the tenant escaped onto an adjacent roadway. *Id.* at 655. The plaintiffs' vehicle collided with the swine and the injured parties sued the landlord claiming the landlord had a duty to exercise reasonable care in operating and managing the land. *Id.* at 655–56. The court of appeals ruled that the landlord had no duty, reasoning that a landlord is not liable for injuries caused by dangerous conditions arising after a tenant takes possession. *Id.* at 657. The court noted that no exception to this rule applied because the landlord did not have any interest in or control over the swine. *Id.*

We think the same analysis applies here: The landlords did not have any right to control their tenant's dog. The tenant's dog, to the extent it can even be categorized as a *condition of the premises*, came onto the land after the property was leased. Therefore, in the absence of any other applicable exception, the landlords have no liability for the injuries caused by their tenant's dog. *See Goddard v. Weaver*, 558 N.E.2d 853, 854 (Ind.App.1990) (landlord who retained no control over leased premises was not liable for injuries caused by tenant's dog); *Mitchell v. Bazzle*, 304 S.C. 402, 404 S.E.2d 910, 912 (App.) (landlord who knew tenant's dog was vicious and failed to terminate lease had no legal duty to protect third persons from the tenant's dog), *cert. dismissed*, 306 S.C. 407, 412 S.E.2d 416 (1991); *Frobig v. Gordon*, 124 Wash.2d 732, 881 P.2d 226, 228, 231 (1994) (en banc) (landlord had no duty to protect third parties from tenant's dangerous animals because landlord had no direct control over such animals).

The plaintiffs claim, however, that keeping an animal on the leased premises is an *activity* for which liability may be imposed under Restatement (Second) of Torts section 379A:

A lessor of land is subject to liability for physical harm to persons outside of the land caused by activities of the lessee or others on the land after the lessor transfers possession if, but only if,

(a) the lessor at the time of the lease consented to such activity or knew that it would be carried on, and

(b) the lessor knew or had reason to know that it would unavoidably involve such an unreasonable risk, or that special precautions necessary to safety would not be taken.

Restatement (Second) of Torts § 379A (1965). We decline the plaintiffs' invitation to apply section 379A to animals not owned or controlled by the landlord. *See Byers*, 436 N.W.2d at 656 (rejecting application of section 379A to escaped swine).

Under the common law, *owners or keepers* of animals could be held liable for injuries caused by their animals under certain conditions. *See, e.g., Coakley v. Dairy Cattle Congress*, 228 Iowa 1130, 1135, 293 N.W. 457, 459 (1940); *Miles v. Schrunk*, 139 Iowa 563, 566, 117 N.W. 971, 972–73 (1908);

**284**

accord *Tran v. Bancroft,* 648 So.2d 314, 315 (Fla.Dist.Ct.App.1995); *see also* Restatement (Second) of Torts ch. 20 (1977). Mere possession of the land on which the animal is kept, however, did not give rise to liability. Restatement (Second) of Torts § 514 cmt. a (1977). A landlord who is not even in possession of the land, but merely owns the property on which a tenant keeps animals, is likewise not liable for injuries caused by the tenant's animals. *See Bryant v. Putnam,* 322 Ark. 284, 908 S.W.2d 338, 339 (1995) (landlord, who was not owner or keeper of dogs owned by tenant, was not liable to injured third party); *Mathes v. Nolan,* 904 S.W.2d 353, 356 (Mo.App.) (same), *application to transfer denied,* 904 S.W.2d 353 (1995); *Barnett v. Rowlette,* 879 S.W.2d 543, 544 (Mo.App.) (landlord not liable for tenant's dog because landlord did not own, possess or harbor the dog, even though landlord knew dog was vicious and allowed dog to remain on the leased premises), *application to transfer denied,* 879 S.W.2d 543 (1994); *Gonzales v. Wilkinson,* 68 Wis.2d 154, 227 N.W.2d 907, 910 (1975) (landlord, who was not the keeper or owner of the tenant's dog and who had no control over the animal, had no duty to protect third persons). We adhere to these principles and reject the opportunity to extend the common law.

### IV. *Conclusion.*

The landlords did not own or harbor the dog that bit Allison. Therefore, they owed no duty to third persons to protect them from the dog. Consequently, the district court erred in refusing to grant the landlords' motion for judgment notwithstanding the verdict. Because this case should not have been submitted to the jury, it is not necessary to consider the other issues raised by the parties; those issues are now moot.

**REVERSED ON CROSS–APPEAL; APPEAL MOOTED.**