**IN THE COURT OF APPEALS OF IOWA**

No. 14-1940
Filed October 14, 2015

**MICHELLE DUNKINS,**
        Plaintiff-Appellant,

**vs.**

**RTL ENTERPRISES, L.L.C.,**
        Defendant-Appellee,

and

JAMAR JONES and MELLISA JONES,
        Defendants.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


        Michelle Dunkins appeals the district court's grant of summary judgment in favor of RTL Enterprises, L.L.C. on Dunkins's claims of premises liability and negligence. **AFFIRMED.**


        David Hosack and Carter Stevens of Roberts, Stevens, Prendergast & Guthrie, P.L.L.C., Waterloo, for appellant.

        Henry J. Bevell III of Swisher & Cohrt, P.L.C., Waterloo, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Jamar and Melissa Jones owned four dogs, one of which bit Michelle Dunkins while Dunkins was visiting the Joneses. The Joneses rented their home from RTL Enterprises, L.L.C. Unbeknownst to RTL, a Jones dog previously bit someone else.

Dunkins sued the Joneses and RTL, alleging: (1) premises liability against RTL as landowner, (2) negligence on the part of the Joneses and RTL, and (3) strict liability against the Joneses as dog owners. The Joneses took no responsive action. RTL answered and moved for summary judgment. Following a hearing, the district court granted RTL's motion on the negligence and premises liability counts and dismissed RTL as a defendant. Dunkins appealed.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bierman v. Weier*, 826 N.W.2d 436, 443 (Iowa 2013). The material facts are essentially undisputed. The key question is whether the district court erred in granting judgment as a matter of law on each of the counts against RTL.

*I.* *Premises Liability*

In granting RTL summary judgment on the premises liability count, the district court partially relied on *Allison by Fox v. Page*, 545 N.W.2d 281 (Iowa 1996). The issue before the court was whether "a landlord is liable for an injury inflicted by a tenant's dog when the landlord knew or had reason to know that the dog was dangerous." *Allison*, 545 N.W.2d at 283. The case was tried under a premises liability theory. *Id.* at 282. Though the landlord was aware the tenant "owned a dog that was allowed to run free in the fenced-in yard" and the dog had

previously "injured a young girl visiting the tenant," the court concluded "the landlords have no liability for the injuries caused by their tenant's dog." *Id.* at 282-83. The court reasoned as follows: "The landlords did not have any right to control their tenant's dog. The tenant's dog, to the extent it can even be categorized as a *condition of the premises*, came onto the land after the property was leased." *Id.* at 283. Because the landlords "did not own or harbor the dog that bit" the plaintiff, the court concluded the case should not have been submitted to the jury. *Id.* at 284.

RTL similarly did not own or harbor the dog that bit Dunkins. Although a tenancy application might have placed RTL on notice that the Joneses owned a dog, this type of ownership knowledge was not deemed material in *Allison*.

Nor did the landowner's knowledge of the dog's propensity to bite affect the holding in *Allison*. *See id.* at 283-84. As noted, RTL had no knowledge of the previous dog bite and Dunkins conceded as much in her deposition, as did her attorney.

Because RTL "did not own or harbor the dog," RTL "owed no duty to third persons to protect them from the dog." *See id.* Based on *Allison*, we affirm the district court's grant of summary judgment to RTL on the premises liability count.

## II. Negligence

Dunkins alleged RTL (1) "[n]egligently allow[ed] the dangerous and vicious dog to be present and stay in the premises," (2) "knew or in the exercise of reasonable care should have known that the vicious animal was on the premises involved and caused unreasonable risk of injury to a person in [her] position," and (3) "failed to take reasonable precautions to protect those lawfully near the

premises." This court rejected a similar negligence claim in *Patterson v. Rank*, No. 10-0566, 2010 WL 5394623, at *3-6 (Iowa Ct. App. Dec. 22, 2010). As in *Allison*, we focused on the landowner's control of the dog and concluded the law did not support extension of a duty of reasonable care absent control. *Patterson*, 2010 WL 5394623, at *5.

Dunkins attempts to distinguish *Allison* and *Patterson* on the ground she lacked a written lease and RTL "retained significant control" over the property. We find the nature of the lease to be a distinction without a difference. In *Allison*, the landlords rented the property to their daughter, arguably giving them more control over the leased property than if they had rented the premises to an unknown third party. 545 N.W.2d at 282. The court did not mention this fact as significant in its analysis. In *Patterson*, the plaintiff cited certain lease terms in arguing the landlord exercised control over the rented space, but this court rejected the assertion. 2010 WL 5394623, at *3-4. We find *Patterson* persuasive.

We conclude the district court did not err in granting summary judgment to RTL on the negligence count.

**AFFIRMED.**