**IN THE COURT OF APPEALS OF IOWA**

No. 21-0854
Filed May 11, 2022


**SHELLEY BARNES and CAMERON BARNES,**
    Plaintiffs-Appellants,

**vs.**

**CDM RENTALS, LLC,**
    Defendant-Appellee.
_____


    Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


    Tenants appeal the grant of summary judgment for a rental company in this premises liability action. **AFFIRMED.**


    Steve Hamilton and Molly M. Hamilton of Hamilton Law Firm, P.C., Clive, for appellants.

    Kelly W. Otto, Madison, Wisconsin, for appellee.


    Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

Shelley and Cameron Barnes appeal a district court order granting summary judgment for CDM Rentals, LLC (CDM) in a premises liability action. We affirm.

**I. Background Facts & Proceedings**

Brook Run Village is a condominium community in Des Moines. It is governed by a "Declaration of Submission of Property to Horizontal Property Regime for Brook Run Parks" (the declaration) pursuant to Iowa Code chapter 499B (2021). The declaration created a homeowners' association (HOA). It also divides ownership of the property within the community. Specifically, the declaration separates the community into common elements—which are held by the HOA for the benefit of all tenants—and private apartments. The boundaries of each apartment are "the interior unfinished surface of the walls, floors, and ceilings thereof." In other words, an apartment is limited to the interior walls of an individual dwelling—and everything else in the community is a common element. But some common elements are designated as "limited common elements." The limited common elements are those designed only to serve the residents of a single apartment. For example, garages and driveways.

The declaration also delegates maintenance responsibilities between the HOA and owners of individual apartments. The HOA is responsible for the "maintenance, repair, and replacement"—including "snow removal"—of all common elements. This includes limited common elements, such as the "private driveways" assigned to particular apartments. Individual apartment owners are expressly prohibited from repairing or maintaining these common elements.

CDM owns apartment 107 in Brook Run Village. A private driveway is assigned to apartment 107. The Barneses signed a lease with CDM to rent apartment 107. They lived there and used the assigned driveway.

One day, Shelley allegedly slipped and fell in the driveway. The Barneses sued CDM for negligent failure to clear ice and snow that allegedly caused Shelley's fall. CDM moved for summary judgment. CDM argued that because "it did not own or control" the driveway—a limited common element—CDM had no duty to maintain the driveway. The district court agreed and granted CDM's motion. The Barneses appeal.

## II. Standard of Review

"We review summary judgment rulings for correction of errors at law." *Roll v. Newhall*, 888 N.W.2d 422, 425 (Iowa 2016). Summary judgment is appropriate when the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

## III. Discussion

Under the common law, "a landlord is not liable for injuries caused by the unsafe condition of the property arising after it is leased, provided there is no agreement to repair." *Allison by Fox v. Page*, 545 N.W.2d 281, 283 (Iowa 1996). But "this rule does not apply where the [landlord] retains control, or the [landlord] and tenant have joint control" over the place where the injury occurs. *Stupka v. Scheidel*, 56 N.W.2d 874, 877 (Iowa 1953). This rule and exception reflect a "common principle: liability is premised upon control." *Allison*, 545 N.W.2d at 283.

As the district court put it, then, a central "issue in this case is whether CDM Rentals had control over the common areas," and particularly the driveway.

Like the district court, we think it is undisputed that CDM did not have control over the driveway's maintenance. *See Hoffnagle v. McDonald's Corp.*, 522 N.W.2d 808, 814 (Iowa 1994) (holding "the issue of [control] is inescapably part of the duty issue, which is necessarily and properly determined as a matter of law by the court"). In their appellate brief, the Barneses do not claim that CDM controlled the driveway's maintenance.[1] Plus, under the plain terms of the declaration, the HOA—not CDM—is responsible for the "maintenance, repair, and replacement" of limited common elements, including "private driveways." Indeed, the declaration literally *prohibited* CDM from maintaining the driveway. And because CDM lacked control over the driveway's maintenance, CDM had no common law duty to keep the driveway clear of snow or ice. *See Allison*, 545 N.W.2d at 283.

Even so, the Barneses argue their lease imposed a *contractual* duty on CDM to maintain the driveway. We disagree. Of course, as the Barneses note, the lease permitted the Barneses to park on the driveway assigned to apartment 107.[2] And the Barneses were not permitted to park on any other driveway. But

---

[1] We have not overlooked the Barneses' complaint that—although the declarations required CDM to incorporate the declarations into the Barneses' lease—the lease does not mention the declaration. But the Barneses do not claim this invalidated the declarations. Nor do they explain how this possible violation of the declarations could have provided CDM with the right or responsibility to maintain the driveway.

[2] Thinking again about the control issue under the common law: It is true CDM had "control" over the driveway in the narrow sense that it could have declined to lease the apartment to the Barneses and, by doing so, CDM could have prevented the Barneses from having any right to park on the driveway assigned to the apartment. We suppose every condominium owner with a corresponding driveway has this sort of power. But the Barneses have not cited—and we have not found—authority

the Barneses do not cite any provision of the lease that required CDM to clear snow or ice from the driveway. So we conclude the Barneses have failed to show CDM owed a contractual duty of driveway maintenance.

The Barneses also claim the Iowa Uniform Residential Landlord and Tenant Act (IURLTA) imposed a duty on CDM to maintain the driveway *even though* CDM lacked control over the driveway's maintenance. *See* Iowa Code § 562A.1. But the Barneses cite no provision of the IURLTA that creates this duty. While they make a general claim that "the IURLTA . . . required [CDM] to keep a safe premises," they do not cite any specific *words* that imposed this requirement on CDM. *See Beverage v. Alcoa, Inc.*, No. 19-1852, 2021 WL 1016602, at *2 (Iowa Ct. App. Mar. 17, 2021) ("We find the Code's meaning in its words."); *see also* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Their brief cites only two specific IURLTA provisions: sections 562A.6(7) and 562A.10. But section 562A.6(7) only provides a general definition of the term "premises,"[3] while section 562A.10 only confirms that—although the Barneses did not sign their lease—it is still effective. Neither section obligates a condominium owner to maintain a driveway that the condominium owner has no right to maintain. So we conclude the Barneses have failed to show CDM owed a statutory duty.

---

suggesting that this power is sufficient to impose premises liability for an accident that occurs in an area that the condominium owner had no right to maintain.

[3] Section 562A.6(7) defines "premises" as "a dwelling unit and the structure of which it is a part and facilities and appurtenances of it and grounds, areas and facilities held out for the use of tenants generally or whose use is promised to the tenant." Note, however, that the definitions in section 562A.6 apply "unless the context otherwise requires."

**IV. Conclusion**

The Barneses have not shown the district court erred in granting summary judgment.  We affirm.

**AFFIRMED.**