# IN THE SUPREME COURT OF IOWA

No. 21–0854

Submitted November 17, 2022—Filed May 12, 2023

**SHELLEY BARNES** and **CAMERON BARNES,**

>    Appellants,

vs.

**CDM RENTALS, LLC,**

>    Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

Tenants appeal the district court's summary judgment ruling concluding a condominium owner-landlord owed no duty of care with respect to a downspout that discharged water directly onto a shared driveway. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Per curiam. McDermott and May, JJ., took no part in the consideration or decision of the case.

Steve Hamilton (argued) and Molly M. Hamilton of Hamilton Law Firm, P.C., Clive, for appellants.

Scott K. Green (argued) and Kelly W. Otto (until withdrawal), Madison, Wisconsin, for appellee.

**PER CURIAM.**

In 2003, Brook Run, L.C., developed a neighborhood of condominiums near Brook Run Park in Des Moines. The condominiums are subject to a horizontal property regime pursuant to Iowa Code chapter 499B (2021). That regime, in turn, is governed by a document called the declaration. *See id.* §§ 499B.3–.4. A company called CDM Rentals, LLC, purchased a condominium in Brook Run Park. On September 17, 2015, CDM began leasing the condominium to Shelley and Cameron Barnes.

The Barneses' unit, number 107, had a garage that let out onto a shared driveway. A rain gutter ran along the roof above the shared driveway. The rain gutter downspout came down the front of the condominium such that it was positioned on the line dividing the Barneses' unit from the neighboring unit, number 106. Because it was placed in this manner, the downspout let out directly onto the middle of the shared driveway rather than letting out onto grass or bare ground on the side of the unit. A picture of the downspout situated between units 106 and 107 appears below:



During the winter in early 2019, water from the building's roof drained out the downspout onto the shared driveway. Cold temperatures caused the water to freeze. On February 19, 2019, Ms. Barnes slipped and fell on the resulting ice.

On January 8, 2021, the Barneses filed a negligence lawsuit against CDM. Their petition alleged Ms. Barnes suffered severe and permanent injuries, incurred medical costs, and experienced pain and loss of body function. The petition also alleged Cameron was deprived of Ms. Barnes's companionship. The homeowners' association (HOA) was not named as a defendant. CDM answered, denying liability. It claimed it could not be liable as a matter of law because it does not own the property where the injury allegedly occurred.

On April 19, CDM filed a motion for summary judgment. The district court heard argument on the summary judgment motion during a hearing on June 2. Then, on June 15, the district court granted CDM's motion. The court framed the legal issue as whether CDM had control over the common areas. It reasoned that control was a prerequisite for liability under both the common law and Iowa's Uniform Residential Landlord and Tenant Act (URLTA), Iowa Code ch. 562A. CDM lacked control over the common areas because the declaration expressly reserved the responsibilities of maintenance, repairs, and replacements for the HOA and forbade unit owners from doing those things.

The Barneses filed a timely appeal, which we transferred to the court of appeals. The court of appeals affirmed the district court on three grounds. First, the court of appeals agreed CDM had no common law duty to keep the driveway clear because it had no control over the driveway. Second, the court of appeals

concluded CDM owed no contractual duty to keep the driveway clear because the lease did not require it to clear the driveway of ice or snow. Last, the court of appeals determined the Barneses failed to show CDM owed a statutory duty under the URLTA because they did not cite duty-creating language in the URLTA.

The Barneses applied for further review. We granted their application, and we now vacate the court of appeals opinion and affirm the district court.

Regarding premises liability, we agree with both the district court and the court of appeals. The declaration forbids CDM from maintaining, repairing, or replacing the driveway or the downspout, and that fact strongly suggests CDM lacked control over the driveway. The Barneses did not adduce enough evidence or present sufficient arguments to convince us otherwise. The plain fact is that at common law liability is premised on control, and CDM lacked control of the driveway and downspout under the declaration. *See Allison v. Page*, 545 N.W.2d 281, 283 (Iowa 1996) (explaining, for premises liability purposes, landlords' "liability is premised upon control").

As to duties of care arising under contract law, we decline to consider the question. It was never decided by the district court. As a result, it was not preserved for appellate review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Concerning duties under the URLTA, we do not disturb the district court's conclusion. It concluded the URLTA requires landlords to maintain common areas but only to the extent the landlord has control over those areas. The advocacy from the Barneses was not sufficient to persuade us the district court

was wrong on that point. We have not explicitly held that landlords' section 562A.15 obligations constitute duties of care for purposes of negligence, and the Barneses' brief does not clearly make such an argument. *See also Ripperger v. Iowa Pub. Info. Bd.,* 967 N.W.2d 540, 552 (Iowa 2021) (declining to consider an argument, in part, because it was "thinly briefed"). In fact, the Barneses never cited the section of the URLTA that imposes duties on landlords. *See* Iowa Code § 562A.15(1)(*a*); *see also Hyler v. Garner,* 548 N.W.2d 864, 876 (Iowa 1996) ("In a case of this complexity, we will not speculate on the arguments [the appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").

For these reasons, we vacate the court of appeals opinion and affirm the district court's judgment.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

McDermott and May, JJ., take no part.

This opinion shall not be published.