# IN THE COURT OF APPEALS OF IOWA

No. 3-1155 / 13-0430
Filed April 16, 2014

**MICHELLE SPAULDING,**
   Plaintiff-Appellant,

**vs.**

**GEORGE W. SCHUERER JR.,**
**REVOCABLE TRUST, ALFRED ALLEN,**
**L.L.C., d/b/a COLLECTIVELY IOWA,**
**and AMANA SOCIETY SERVICE COMPANY,**
   Defendants-Appellees.
_____

Appeal from the Iowa District Court for Iowa County, Marsha M.

Beckelman and Marsha Bergan, Judges.


A plaintiff appeals from summary judgment in favor of three defendants.

**AFFIRMED.**

Erin P. Lyons of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for

appellant.

Matthew G. Novak and Stephanie L. Hinz of Pickens, Barnes &

Abernathy, Cedar Rapids, for appellee George W. Schuerer Jr. Revocable Trust.

Joseph G. Gamble and Mariclare Thinnes Culver of Duncan, Green,

Brown & Langeness, P.C., Des Moines, for appellee Amana Society Service

Company.

Joshua Kraushaar of Elwood, Elwood & Buchanan, Williamsburg, for

appellee Alfred Allen.

Heard by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

The plaintiff in this personal injury negligence action appeals from grant of summary judgment to three defendants. She contends the district court erred in finding the defendants were entitled to judgment as a matter of law and argues genuine issues of material fact exist that preclude summary judgment. We find there are no remaining issues of material fact and the defendants are each entitled to judgment as a matter of law. Therefore, we affirm.

## I.    Background Facts and Proceedings.

In 1991, the Amana Colonies carried out a project to remove its above-ground electrical infrastructure and place it underground. Amana Society Service Company (Amana Service) carried out this underground conversion work. In the area in question in this appeal—a short section of sidewalk on F Street in Amana, Iowa—there had been a tall wooden utility pole connected to a hollow utility conduit. When it placed the electrical lines underground, Amana Service pulled out the utility pole and cut off the conduit at or below grade level.

In May 2008, Michelle Spaulding was walking on the sidewalk on F Street in Amana when she tripped over the exposed conduit, tearing her Achilles tendon.[1] She filed negligence claims against various parties.[2] Several parties

---

[1] There was some dispute below as to where Spaulding fell and what role the conduit played in the fall. We assume for purposes of this appeal, although we do not reach the facts relating to the injury itself, that Spaulding did trip and fall because of the conduit.

[2] The procedural history of this case is somewhat complicated. Spaulding's original petition named Schuerer, Allen, Amana Meat Shop and Smokehouse, and Amana Society Inc. (Amana Society) as the defendant-owners or -occupiers of the land in question. The defendants each moved for summary judgment and the court granted these motions without prejudice. In doing so, the court ruled the defendants were not the owners of the property, did not create the defect, and Spaulding asserted no factual

were eventually voluntarily dismissed from the action. As a result, the only remaining claims for this appeal are those against defendants George W. Schuerer, Jr., Revocable Trust (Schuerer), Alfred Allen, LLC, d/b/a/ Collectively Iowa (Allen), and Amana Service. Schuerer owned the building adjacent to the sidewalk where Spaulding tripped; Allen was the lessee of the building at the time; Amana Service was the utility company that carried out the underground conversion project.

Spaulding asserted several theories of liability against the defendants. First, Spaulding contended Amana Service created a hazard in the pavement by cutting off the conduit in the course of placing the electrical lines underground. She argued Amana Service owed a duty to persons on the premises not to create a hazardous condition. Second, Spaulding contended Schuerer had acquired title to the land in question by adverse possession, and thus was liable. In support of this contention, Spaulding cited Schuerer's installation of a brick walkway at the front of the building "usurp[ing]" the property in question. It was undisputed by all parties that the owner of the land in question, prior to the

---

allegations to indicate an independent basis for a negligence action against them. Spaulding argued in her resistance to the summary judgment motions there needed to be further discovery to ascertain who owned the property.

Following additional discovery and investigation, Spaulding moved to restore her claims against Schuerer and Allen and brought a new claim against Amana Society Service Company (Amana Service) which is a wholly owned subsidiary of Amana Society. The new claim against Amana Service alleged it was the utility company that carried out the underground conversion project and thus was responsible for leaving the exposed conduit in the sidewalk. The motion also asserted that subsequently-discovered facts showed Schuerer to be the true owner of the property by adverse possession. Spaulding argued Allen was liable as occupier of the premises. These claims are the subjects of this appeal.

alleged adverse possession, was Iowa County, Iowa.[3] However, Spaulding argued that Schuerer was the true owner by adverse possession, and thus had a duty to maintain the sidewalk. Alternatively Spaulding alleged Schuerer was liable as the "possessor" of the land pursuant to the Restatement (Second) of Torts. Third, Spaulding argued, even if Schuerer was not liable as the true owner by adverse possession or by virtue of being a possessor of land, Iowa County Ordinance No. 5 § 3 imposed a duty on landowners like Schuerer to maintain county property abutting their land. Finally, Spaulding argued Allen had a duty as the occupant because the building lease provided the lessee was responsible for maintaining the property. Amana Service, Schuerer, and Allen each moved for summary judgment.

### A. Amana Service's Motion for Summary Judgment.

Amana Service argued in its motion for summary judgment that Iowa's statute of repose under Iowa Code section 614.1(11) (2013), which limits time to bring an action arising out of a defect in an improvement to real property, barred Spaulding's claim. Spaulding argued the statute of repose did not apply because there was no improvement to the property. The district court found there was an improvement, and no genuine issues of fact remained as to the statute's applicability. Thus, the statute barred the action, and the court granted Amana Society summary judgment.

---

[3] Spaulding amended her original petition to add Iowa County, Iowa as a defendant as the owner of the land in question. Spaulding later settled with Iowa County and dismissed with prejudice any claims against it.

**B.    Schuerer's and Allen's Motion for Summary Judgment.**

Spaulding's petition and resistance to summary judgment alleged that Schuerer's liability arose because her injury occurred on land of which Schuerer acquired title by possession adverse to Iowa County, Iowa.  The district court found Schuerer could not obtain title to government land by adverse possession alone.  The court's ruling also briefly mentioned prior cases in which plaintiffs had pled the doctrine of equitable estoppel as an alternative to adverse possession and thereby established a title to property.  The court noted that Spaulding did not plead any such alternative in her case.

Regarding Spaulding's assertions based on Iowa County Ordinance No. 5 § 3, the district court relied upon our opinion in *Busselle v. Doubleday*, 486 N.W.2d 45 (Iowa Ct. App. 1992), that "liability of an abutting landowner or occupant for injuries to a traveler ordinarily will not grow out of statutes or ordinances requiring him to repair sidewalks or remove snow and ice therefrom unless such liability is expressly imposed."  Because Iowa County Ordinance No. 5 § 3 contained no express language creating liability on the landowner or occupant, the district court rejected Spaulding's argument.  Finding no further genuine issues of material fact, the district court granted Schuerer's and Allen's motions for summary judgment.

Following filing of the court's order, Spaulding filed a motion for reconsideration pursuant to Iowa Rule of Civil Procedure 1.904(2), asserting for the first time that Schuerer had acquired title to the land by equitable estoppel. Spaulding also argued Iowa County Ordinance No. 5 § 3 was distinguishable

from the ordinance contemplated in *Busselle* because Ordinance No. 5 § 4 exonerated Iowa County from liability. Thus, Spaulding argued, if the landowner was not liable, an injured party would have no remedy.[4] Denying the motion for reconsideration, the district court found Spaulding had never pled equitable estoppel or amended her petition to do so. Even if she had, the court found the claim would fail as a matter of law because Spaulding failed to set forth facts necessary to establish an equitable estoppel claim. Spaulding appeals from these rulings granting summary judgment to Amana Service, Schuerer, and Allen.

## II.    Standard of Review.

Appellate review of a summary judgment ruling is for correction of errors of law. *Shriver v. City of Okoboji*, 567 N.W.2d 397, 400 (Iowa 1988). Summary judgment is appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Id.* The burden is upon the moving party to show the nonexistence of material facts and to prove the party is entitled to judgment as matter of law. *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984). A genuine issue of material fact exists if evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Fees v. Mut. Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992). To uphold the district court's summary judgment rulings, we must confirm that no disputed

---

[4] Spaulding also made a third argument regarding a counter-argument it anticipated Amana Services would make. At that time, however, Amana Services had not yet filed its motion for summary judgment, and the district court refused to rule on Spaulding's speculations as to the arguments Amana Services might raise.

issues of material fact existed to render summary judgment inappropriate, and the district court correctly applied the law to those undisputed facts. *Royce v. Hoening*, 423 N.W.2d 198, 200 (Iowa 1988). We "view the facts in the light most favorable to the party opposing the motion for summary judgment." *Shriver*, 567 N.W.2d at 400. Every legitimate inference that reasonably can be deduced from the evidence is afforded the nonmoving party. *Northup v. Farmland Indus., Inc.*, 372 N.W.2d 193, 195 (Iowa 1985).

## III.   Analysis.

### A.   Claim Against Amana Services.

Iowa Code section 614.1(11) provides

> [A]n action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warrant and for contribution and indemnity, and founded on . . . injury to the person or wrongful death, shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death.

"[A] statute of repose works to terminate any right of action after a specified time has elapsed, regardless of whether or not there has as yet been any injury." *Speight v. Walters Dev. Co.*, 744 N.W.2d 108, 115 (Iowa 2008) (internal citations and quotations omitted). Thus, "[s]ection 614.1(11) bars all actions that meet two requirements. First, the plaintiff's injuries must have resulted from the alleged defective and unsafe condition of an improvement to real property. Second, fifteen years must have passed since the date of the act or omission that allegedly caused the injuries." *Krull v. Thermogas Co. of Northwood, Iowa*, 522 N.W.2d 607, 612 (Iowa 1994).

Spaulding argues section 614.1(11) does not apply in this case because there was no improvement to real property. Our supreme court has defined "improvement" as "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Id.* (quoting *Webster's Third New Int'l Dictionary* 1138 (P. Gove ed 1993)). Thus, the underground conversion project must have 1) enhanced the value of the property in question, 2) involved expenditure of labor or money, and 3) been intended to make the property more useful or valuable to be an improvement under the statute of repose. *See Tallman v. W.R. Grace & Co.-Conn.*, 558 N.W.2d 208, 210 (Iowa 1997) (citing *Krull*, 552 N.W.2d at 612).

Amana Service offered an affidavit and deposition testimony of its general manager, Terry Hershberger,[5] explaining the underground electrical conversion project, which Amana Service carried out in all the villages of the Amana Colonies. Hershberger stated that before the underground conversion project, in the location where Spaulding claimed she was injured, there had been a thirty-five foot wooden utility pole. Attached to it was an electrical conduit—a hollow metal pipe, four inches in diameter, that had contained electrical wires. In 1991, Amana Service placed the utility lines in an underground channel and removed all the existing above-ground electrical equipment, including overhead electrical wires, meter systems, and transformers. It also removed the wooden utility pole

---

[5] Hershberger had held this position since 1978 and was so employed during the underground conversion project.

and cut off the retired conduit at or below grade level. It then covered the area with dirt and sand. The purpose of this project, Hershberger stated, was to improve the appearance of the properties consistent with their historical significance. Hershberger also stated various benefits of the conversion that increased the value of the property. The underground system was more reliable because it was not exposed to weather conditions, substantially reducing the number of power outages in the Amana Colonies. It enhanced the appearance of the area and was more historically accurate, consistent with the Amana Colonies' goal of historical preservation. Removal of the above-ground wooden electrical poles also eliminated a potential hazard for pedestrians and vehicles.

The district court concluded there were no genuine issues of material fact as to whether the conversion project constituted an improvement. Consequently, the court ruled section 614.1(11) applied to the case and thereby barred Spaulding's claim. Spaulding contends the district court erred because "[c]utting off the electrical conduit in question and leaving it to stick out of the ground" was not an improvement contemplated in section 614.1(11). Spaulding's argument misstates the district court's finding and misconstrues the code section. Section 614.1(11) bars actions "arising out of [an] unsafe or defective condition of an improvement to real property." The district court found the underground conversion project was an improvement to real property, including the small section of land in question in this case. The cut-off conduit was an unsafe or defective condition left over from the project. Hershberger's testimony shows the project enhanced the value of the property, involved significant expenditure of

labor, and was intended to increase the value of the property by making it safer and restoring it to a more historically accurate appearance. The project took place in 1991, seventeen years before Spaulding's injury in 2008. We agree with the district court that there are no further genuine issues of material fact regarding this issue. The conversion project was an improvement and more than fifteen years have passed. Therefore, section 614.1(11) applies and bars Spaulding's claim. We affirm the district court's grant of summary judgment as to the claim against Amana Society.

**B.      Claims Against Schuerer and Allen.**

**1.      Equitable Estoppel Claim.**

In its ruling granting summary judgment to Schuerer and Allen, with regard to Spaulding's adverse possession claim, the district court stated:

> It has long been the rule in Iowa that the doctrine of adverse possession does not apply to government entities." *Stecklein v. City of Cascade*, 693 N.W.2d 335, 340 (Iowa 2005). In *Gates v. Iowa County*, [No.05-0231,] 2006 WL 1410002 (Iowa App. [May 24,] 2006), the Iowa Court of Appeals affirmed . . . that a party cannot obtain title to governmental land by virtue of adverse possession alone. *Gates*, 2006 WL 1410002, *2. *The* Stecklein *and* Gates *cases went on to discuss establishment of title under the doctrine of equitable estoppel since equitable estoppel was pled as an alternative to adverse possession claims in those cases.*
> Having considered the facts in the light most favorable to [Spaulding], the Court concludes . . . [Schuerer] and [Allen] cannot obtain title to the land by virtue of adverse possession because the doctrine of adverse possession does not apply to governmental entities. *[Spaulding] has not pled any alternative claim, such as an equitable estoppel claim like that discussed in the* Gates *and* Stecklein *cases, that would provide a basis for recovery in this case.*

(Emphasis added.) Spaulding then filed a rule 1.904 motion for reconsideration raising an equitable estoppel claim by stating, "[T]he facts of the instant case as

presented in plaintiff's brief and appendix in resistance to the instant motions support the application of equitable estoppel to establish title . . . [in Schuerer]." Schuerer resisted the motion.[6] In the ruling on the motion for reconsideration the district court stated, "Plaintiff never has pled equitable estoppel as a claim in this case, nor has Plaintiff moved to amend her pleadings to state a claim for equitable estoppel. However, even if equitable estoppel had been properly stated as a claim, the claim would fail." The court then proceeded to address and reject the merits of the claim and denied the motion for reconsideration. Spaulding appeals from the motion for reconsideration, again arguing Schuerer obtained title to the land by equitable estoppel.

Iowa Rule of Civil Procedure 1.904(2) provides, "On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted." The purpose of a rule 1.904 motion is to allow a party to call the court's attention to an issue the party properly raised on which the court failed to rule. *See Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002). A rule 1.904 motion is "essential to preservation of error when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication." *State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206 (Iowa 1984). Thus, if the issue is not previously properly submitted for adjudication, there is nothing to preserve for appeal

---

[6] In its resistance, Schuerer argued Spaulding had not pled the equitable estoppel claim prior to summary judgment and could not plead it in the motion to reconsider. Nonetheless, it did present its arguments on the merits of the claim.

through a rule 1.904 motion. "'It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.'" *Kramer v. Bd. of Adj. Sioux Cnty.*, 795 N.W.2d 86, 93 (Iowa Ct. App. 2010) (quoting *Meier*, 641 N.W.2d at 537). "The reason for this principle [is] . . . [i]t is not a sensible exercise of appellate review to analyze facts of an issue without the benefit of a full record or lower court determination." *Meier*, 641 N.W.2d at 537.

Our supreme court has also said, "It is well-settled that a party fails to preserve error on new arguments or theories raised for the first time in a posttrial motion." *Mitchell v. Cedar Rapids Comm. Sch. Dist.*, 832 N.W.2d 689, 694 (Iowa 2013). Similarly, in *Field v. Palmer*, 592 N.W.2d 347, 351 (Iowa 1999), our supreme court found the defendants did not preserve error for appeal when they raised an issue in a post-trial motion for judgment notwithstanding the verdict that they did not raise in their motion for directed verdict.[7]

Although we recognize in this case there was no trial and the motion to reconsider was not a post-trial motion, the same rationale for adequate preservation of error inheres in the post-summary judgment context. Spaulding failed to raise the equitable estoppel claim in its pleadings or amend its pleadings to include the claim. The district court briefly mentioned the *Stocklein* and *Gates* cases as instances where plaintiffs raised equitable estoppel as an alternative to adverse possession but stated repeatedly through its rulings Spaulding failed to

---

[7] Recently, in *In re Marriage of Luloff*, No. 13-0761, 2014 WL 69756, at *1 (Iowa App. Jan 9, 2014), we found an appellant in a dissolution case failed to preserve error for review when she requested joint physical care for the first time in a post-trial motion.

make such a pleading. Spaulding's motion to reconsider asserts the facts in the summary judgment record supported the application of equitable estoppel to establish title in Schuerer. Spaulding's belated recognition and assertion of this doctrine did not place the issue properly before the district court for adjudication.[8] The district court cannot "reconsider," pursuant to rule 1.904, an issue, claim, or legal theory not previously presented to it. Spaulding failed to preserve the issue for appeal and we decline to consider it.[9]

**2.     "Possessor of Land" Theory of Premises Liability.**

Spaulding argues, "Showing that a non-owner nevertheless possesses and controls the land on which an injury occurred—as through adverse possession—is a well-established way of showing a non-titled-owner defendant is liable in a premises liability case." The Restatement (Second) of Torts (1965) provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>   a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>   b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>   c) fails to exercise reasonable care to protect them against the danger.

---

[8] This is true notwithstanding Schuerer had the opportunity to respond in its resistance to the motion.

[9] Spaulding argues if Schuerer is liable pursuant to equitable estoppel, Allen is also liable on a premises liability theory as occupier of the land. Because Spaulding failed to preserve the claim against Schuerer, the claim against Allen also is not preserved for appeal.

Restatement (Second) of Torts § 343; *see also Wiedmeyer v. Equitable Life Assur. Soc. of U.S.*, 644 N.W.2d 31, 33 (Iowa 2002). Spaulding points out our supreme court also has adopted the Second Restatement of Torts definition of a "possessor of land":

> A possessor of land is:
> a) a person who is in occupation of the land with intent to control it, or
> b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
> c) a person who is entitled to immediate occupation of the land, if no other person is in possession under clauses (a) and (b).

Restatement (Second) of Torts § 328E; *Wiedmeyer*, 644 N.W.2d at 33.

Spaulding argues, "One in control of land through adverse possession—like the Schuerer Trust here—obviously would fit the definition of a 'possessor of land' . . . exposing that adverse possessor to liability under Restatement (Second) of Torts § 343." Spaulding asserts her injury occurred on the brick walkway Schuerer built on Iowa County land, and thus Schuerer was a possessor of the land through adverse possession. The district court already concluded and we agree that Schuerer could not have become a true owner through adverse possession of county land.

Alternatively, Spaulding cites *Wiedmeyer* and *Lunde v. Winnebago*, 299 N.W.2d 473 (Iowa 1980), as cases applying the Restatement (Second) of Torts definition of "possessor of land" to determine liability for injuries incurred on a premises. In *Wiedmeyer*, the owner of a shopping mall and the surrounding parking lot sought to avoid liability for a slip-and-fall claim by arguing it was not a possessor where it contracted exclusively with a third party, acting as its agent,

to manage and maintain the property. 644 N.W.2d at 34. Pursuant to the real estate management agreement, the property manager was responsible for renting and managing the units in the shopping mall and arranging for cleaning and snow removal in the parking lot, where the slip-and-fall occurred. *Id.* at 32. The property manager's duties included all repairs, alterations, replacements, installations, decorating, landscaping, and purchasing all supplies necessary for the operation of the shopping mall and surrounding parking lot. *Id.* Our supreme court applied the fundamental principle of agency law—"acts of an agent in carrying out the principal's affairs are in legal effect the acts of the principal"—to find the acts of the property manager were "in legal effect" the acts of the landowner. *Id.* at 34. Consequently, it held the landowner was liable as a possessor of the property in question. *Id.* Here, there is nothing in the record to indicate Schuerer exercised the same amount of control over this parcel of land other than install a brick walkway roughly thirty years ago and maintain it free of snow as required under county ordinance.

In *Lunde v. Winnebago*, the landowner contracted with a steel-manufacturing company, as an independent contractor, to construct a building on the landowner's premises. 299 N.W.2d at 474. The independent contractor was responsible for all safety procedures associated with the project, including complying with all relevant safety laws and regulations. *Id.* Lunde, an employee of the independent contractor, sued the landowner over injuries he sustained as a business invitee on the premises. *Id.* Applying the Restatement definition of "possessor," our supreme court found the landowner was not a possessor of land

because "it had relinquished occupation and control of it to [the independent contractor] during the construction period." *Id.* at 479. Again, the record in the present case does not show Schuerer occupied the land or exercised an equivalent amount of control over it. Thus, we find both *Wiedmeyer* and *Lunde* unavailing because they demonstrate possessors clearly occupying and exercising control over land to an extent not exercised by Schuerer in this case. Thus Schuerer was not a "possessor" under the Restatement (Second) of Torts.

### 3. Claim Under Iowa County Ordinance No. 5.

Iowa County Ordinance No. 5 § 3 provides

> <u>Maintenance</u>. Maintenance of the sidewalks and property located outside lot and property lines and to the traveled portion of the County roads and County highways. Abutting property owners are required to maintain all property outside the lot and property lines and to the traveled portion of the County streets or County right of way but not located on the County highway, per se. Any future construction of sidewalks located on County right of way shall be governed by this Ordinance.

Spaulding argues Schuerer had "a duty prescribed by local ordinance to maintain the small parcel of land upon which Ms. Spaulding suffered her injury. Failing to live up to that duty, [Schuerer] is liable to Ms. Spaulding[.]" Indeed, Iowa Code section 364.12(2) gives municipalities authority to require abutting landowners to maintain public land, including sidewalks.[10] However, in *Busselle v. Doubleday*, 486 N.W.2d 45, 46 (Iowa Ct. App. 1992), we found, "Liability of an abutting owner

---

[10] Iowa Code section 364.12(2)(c) provides:
The abutting property owner may be required by ordinance to maintain all property outside the lot and property lines and inside the curb lines upon the public streets, except that the property owner shall not be required to remove diseased trees or dead wood on the publicly owned property or right-of-way.

or occupant for injuries to a traveler ordinarily will not grow out of statutes or ordinances requiring him or her to repair sidewalks or remove snow and ice therefrom unless such liability is expressly imposed[.]"

Spaulding asserts Iowa County Ordinance No. 5 § 3 created a private right of action against the landowner, Schuerer, and consequently the tenant, Allen, who was charged by the lease with maintaining the property. However, Ordinance No. 5 § 3 contains no express language creating such liability. Spaulding argues Ordinance No. 5 is distinguishable from the language of the ordinance in *Busselle* because Ordinance No. 5 § 4 states specifically, "Iowa County shall not be liable for any property damage or personal injury occurring on sidewalks located on County Right of Way." Thus, Spaulding argues she has no remedy if Schuerer and Allen are not liable.[11] Nonetheless, the ordinance provides no right of action against the abutting landowner or occupant. Consequently, there are no genuine issues of material fact, and as a matter of law Schuerer and Allen are not liable. Therefore, they are entitled to summary judgment.

## IV. Conclusion.

In its ruling on the three defendants' motions for summary judgment, the district court found that there were no genuine issues of material fact, and each defendant was entitled to summary judgment as a matter of law. Iowa Code section 614.1(11), the statute of repose, time-bars Spaulding's claim against Amana Service. Spaulding failed to preserve for appeal its equitable estoppel

---

[11] However, Spaulding has already settled with Iowa County and dismissed the claim against it.

claim against Schuerer and Allen because Spaulding raised it for the first time in the motion to reconsider. Also, Schuerer and Allen are not liable as possessors of the land. Finally, Schuerer and Allen are not liable under the county ordinance because the language of the ordinance does not make the abutting landowner expressly liable to travelers upon the land. Consequently, there are no remaining issues of material fact, and the defendants are entitled to judgment as a matter of law. We affirm the district court.

**AFFIRMED.**