# IN THE COURT OF APPEALS OF IOWA

No. 23-1519
Filed August 7, 2024

**LAWRENCE GREGORY,**
    Plaintiff-Appellant,

**vs.**

**LA POSADA GROUP, LLC,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

Plaintiff appeals the district court's grant of summary judgment. **AFFIRMED.**

Brody D. Swanson of Peters Law Firm, P.C., Council Bluffs, for appellant.

Courtney T. Wilson of Law Offices of John M. Guthrie, Des Moines, for appellee.

Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Lawrence Gregory appeals the district court ruling granting La Posada Group, LLC's (La Posada) motion for summary judgment in a negligence action. Gregory argues that La Posada failed to show it was not a possessor of the property in question.

### I. Background Facts and Prior Proceedings

La Posada is the owner of Springhill Suites. In 2018, La Posada and BC Lynd Hospitality, LLC (BC Lynd) entered into a ten-year management agreement where BC Lynd would "direct, supervise, manage, and operate the Hotel." BC Lynd would "be exclusively responsible for directing the day-to-day activities of the Hotel and establishing all policies and procedures relating to the management and operation of the Hotel."

Gregory alleges that while visiting the Springhill Suites, a hotel in Council Bluffs, Iowa, he slipped and fell on a wet floor on September 7, 2020, after exiting an elevator. He asserts there were no signs or cones marking the wet floor. Because of the fall, Gregory claims he suffered serious injuries and filed this action against La Posada on September 6, 2022.

La Posada denied any negligence and moved for summary judgment. La Posada argued that because of the management agreement with BC Lynd, where BC Lynd had sole control of the premises, it was not a possessor of the property at Springhill Suites and owed no duty of care to Gregory. The district court agreed and granted summary judgment, dismissing Gregory's action. Gregory filed this appeal.

## II. Standard of Review

We review grants of summary judgment for correction of errors at law. *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544 (Iowa 2018). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Iowa R. Civ. P. 1.981(3)). "A genuine issue of fact exists if reasonable minds can differ on how an issue should be resolved." *Id.* (quoting *Est. of Gottschalk v. Pomeroy Dev., Inc.*, 893 N.W.2d 579, 584 (Iowa 2017)). And a fact is material if it might affect the outcome of a lawsuit. *Id.* Additionally, the moving party bears the burden of showing there is no genuine issue of material fact. *Id.* at 545.

## III. Analysis

Gregory asserts that the district court erred in dismissing his action for negligence "because there are material disputes of fact as to [La Posada's] liability." He argues whether La Posada exercised sufficient control over the property to be a possessor is a question of fact for the jury, in part because of an agency relationship between La Posada and BC Lynd, and he argues the insurance and liability provisions of the Management Agreement confer liability on La Posada for the negligence of BC Lynd.

### A. Control of the Property

Gregory asserts that La Posada exercised sufficient control over the property to be a possessor. And for the first time on appeal, Gregory alleges an

agency relationship existed between La Posada and BC Lynd.[1]  La Posada argues that Gregory did not preserve the agency-relationship issue as it was neither argued to nor addressed by the district court.

"We will not review issues on appeal unless they were properly preserved below."  *Bill Grunder's Sons Const., Inc. v. Ganzer*, 686 N.W.2d 193, 197 (Iowa 2004).  "[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  The context of summary judgment raises unique questions when it comes to error preservation, but ultimately does not affect the outcome.  *See Bill Grunder's Sons Const., Inc.*, 686 N.W.2d at 197–98.

Because the burden in summary judgment is on the moving party, "a party faced with a motion for summary judgment can rely upon the district court to correctly apply the law and deny summary judgment when the moving party fails to establish it is entitled to judgment as a matter of law."  *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27–28 (Iowa 2005).  And "if the movant has failed to establish its claim and the court nevertheless enters judgment, the nonmovant must at least preserve error by filing a motion following entry of judgment, allowing the district court to consider the claim of deficiency."  *Bill Grunder's Sons Const., Inc.*, 686 N.W.2d at 197–98.

Gregory did not raise the issue of an agency relationship in his resistance to La Posada's motion for summary judgment, and the district court did not address

---

[1] Gregory argues this case is like *Wiedmeyer v. Equitable Life Assurance Society of the United States*, 644 N.W.2d 31, 32 (Iowa 2002), which was decided on an agency theory and the specific provisions of an agency agreement.

5

an agency relationship in its ruling granting the summary judgment motion. And following summary judgment, Gregory did not file a motion to reconsider pursuant to Iowa Rule of Civil Procedure 1.904(2), seeking a ruling from the district court on an agency issue. Because of this, Gregory's agency argument is not preserved. *See id.*

Gregory also challenges the district court's determination that La Posada was not a possessor. He asserts there remains a factual issue of whether La Posada is a possessor because of the "hands-on-control regarding maintaining and obtaining permits and licenses and ensuring a peaceful property, the financial obligations, the insurance requirement . . . ."

"Land possessors have an affirmative duty of reasonable care to those who come upon their land." *DeSousa v. Iowa Realty Co., Inc.*, 975 N.W.2d 416, 420 (Iowa 2022). To determine who is a possessor of land, Iowa has adopted the Restatement (Third) of Torts:

> A possessor of land is
> (a) a person who occupies the land and controls it;
> (b) a person entitled to immediate occupation and control of the land, if no other person is a possessor of the land under Subsection (a); or
> (c) a person who had occupied the land and controlled it, if no other person subsequently became a possessor under Subsection (a) or (b).

*Id.* at 421 (citation omitted). The duty of a possessor of property derives from their control of that property. *Id.* Because of this, ownership alone is not enough to impose liability. *Van Essen v. McCormick Enters. Co.*, 599 N.W.2d 716, 719 (Iowa 1999).

BC Lynd was occupying Springhill Suites and in control of Springhill Suites. *See DeSousa*, 975 N.W.2d at 420. The management agreement between La Posada and BC Lynd reads: "The Management Company shall be exclusively responsible for directing the day-to-day activities of the Hotel and establishing all policies and procedures relating to the management and operation of the Hotel." The agreement further states, "Management Company shall select and purchase all operating equipment for the Hotel," and "Management Company shall select and purchase all operating supplies for the Hotel."

The language of the Management Agreement gives BC Lynd, not La Posada, physical control over the property. And BC Lynd had the sole and absolute right to hire and control employees of the hotel. Although the Management Agreement does provide some responsibilities to La Posada, such as providing operating funds for the hotel, these duties do not grant La Posada any level of control over the property. Day-to-day physical control remained only with BC Lynd. La Posada has no duty of care as a possessor of the property.

B. Liability Under the Management Agreement

Gregory also contends that the Management Agreement confers liability for the negligence of BC Lynd to La Posada. Gregory highlights that the Management Agreement provides that La Posada shall purchase and provide insurance unless BC Lynd is instructed to do so. And the parties agreed to look to the appropriate insurance for coverage of any liability expense. Gregory points to article 5 of the Management Agreement, titled "Claims and Liability." It states in part:

> in the event that the insurance proceeds are insufficient or there is
> no insurance coverage to satisfy the demand, claim, action, loss,
> liability or expense and the same did not arise out of the gross

negligence or willful misconduct of [BC Lynd], [La Posada] agrees, at its expense, to indemnify and hold [BC Lynd], and its subsidiaries, affiliates, officers, directors, employees, agents or independent contractors harmless to the extent of the excess liability.

Gregory argues these provisions place liability directly on La Posada for the negligence of BC Lynd. But this provision is a typical indemnification agreement. "An indemnification agreement is created when the words used express an intention by one party to reimburse or hold the other party harmless for any loss, damage, or liability." *McNally & Nimergood v. Neumann-Kiewit Constructors, Inc.*, 648 N.W.2d 564, 570 (Iowa 2002). An indemnification agreement allows one party, the indemnitee, to recover from another, the indemnitor, based on a promise to "indemnify . . . [the] indemnitee against liability of [the] indemnitee to a third person, or against loss resulting from [the] liability." *Id.* (quoting 42 C.J.S. Indemnity § 2, at 72 (1991)).

Typically, the indemnitee pursues the indemnitor for indemnification. *See id.* at 569; *Maxim Techs., Inc. v. City of Dubuque*, 690 N.W.2d 896, 899 (Iowa 2005); *Iowa Wine & Beverage, Inc. v. Martens*, No. 01-1587, 2002 WL 1973924, at *1 (Iowa Ct. App. Aug. 28, 2002). BC Lynd could potentially recover from La Posada for damages assessed against it. Yet Gregory asserts that the indemnification clause in the Management Agreement, along with the insurance provisions, directly confer liability on La Posada for BC Lynd's actions. In considering this, courts have been skeptical of efforts by individuals to foist liability for their negligence onto another. *Iowa Wine & Beverage, Inc.*, 2002 WL 1973924, at *1 ("An agreement relieving an indemnitee from its own negligence, however, is looked on with some disfavor."); *McNally & Nimergood*, 648 N.W.2d at 571 ("The

traditional reluctance of courts to allow the burden of one who is negligent to be transferred to another who is not at fault . . . can be traced to public policy considerations."). Further, courts in other jurisdictions have clarified the way indemnification agreements operate:

> An agreement to indemnify against liability for the breach of a duty is clearly not the equivalent of delegating that duty to another. . . . [The] indemnitor merely agrees to hold the indemnitee harmless from such loss or damage as may be specified in their contract. Significantly, an agreement to indemnify, by definition, does not (and could not, without becoming something more than an agreement to indemnify) purport to substitute an indemnitor for an indemnitee.

*Constable v. Northglenn, LLC*, 248 P.3d 714, 718 (Colo. 2011).

> The cause of action for indemnity is not the same as the directly injured third party's action; it is not brought in any representative capacity on behalf of such party nor does it seek to recover that party's damages; it is instead the assertion by the passive tortfeasor of his own right of recovery of the breach of an alleged independent duty or obligation owed to him by the active wrong-doer as indemnitor.

*Arthur Venneri Co. v. Cent. Heating & Plumbing Co.*, 242 N.Y.S.2d 812, 816 (N.Y. Sup. Ct. 1963). And this is consistent with the rule that only intended beneficiaries of a contract can enforce that contract. *See Midwest Dredging Co. v. McAninch Corp.*, 424 N.W.2d 216, 223–25 (Iowa 1988); *Olney v. Hutt*, 105 N.W.2d 515, 519 (Iowa 1960) ("It is a rule of law, familiar to the profession, that a privity of contract must exist between the parties to an action upon a contract. One whom the law regards as a stranger to the contract cannot maintain an action thereon."). Gregory's argument that La Posada is directly liable to him for BC Lynd's negligence is not supported by the Management Agreement, which merely provides for the indemnification of BC Lynd by La Posada, as it does not allow Gregory to maintain a suit directly against La Posada.

**IV.    Conclusion**

La Posada was not a possessor in control of the property in 2020 and therefore could not be negligent for failing to maintain the facility.  Gregory did not preserve the argument that La Posada is liable for BC Lynd's negligence because of an agency relationship.  The indemnification clause of the Management Agreement did not give Gregory a direct right of action against La Posada for BC Lynd's negligence.  Accordingly, we affirm the district court's grant of summary judgment for La Posada.

**AFFIRMED.**